

**ORDERED in the Southern District of Florida on July 31, 2018.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

|  |  |
|---|---|
| In re: | CASE NO.   16-19113-BKC-RAM |
|  | CHAPTER   13 |
| ALBERTO AGUSTIN SUEGART, |  |
| Debtor. |  |

**ORDER (1) RESERVING RULING ON BSI FINANCIAL SERVICES'**
**MOTION FOR ENTRY OF AN ORDER CONFIRMING AUTOMATIC**
**STAY IS NOT IN EFFECT, AND (2) GRANTING BSI FINANCIAL**
**SERVICES' MOTION TO COMPEL COMPLIANCE WITH CONFIRMATION ORDER**

The Court conducted a hearing on July 24, 2018 on (i) BSI Financial Services' ("BSI"), as Servicing Agent for HMC Assets, LLC, Motion to Confirm the Automatic Stay is Not in Effect (the "Stay Relief Motion") [DE #68], and (ii) BSI's Motion to Compel Debtor to File a Modified Plan and Request for Hearing (the "Motion to Compel") [DE #82].  HMC Assets, LLC, solely in its capacity as

separate trustee of Community Development II Trust ("HMC"), is the transferee of Claim No.1 (the "Claim") in this case, a mortgage debt encumbering the real property located at 10309 SW 162 Ct., Miami, FL 33196 (the "Property").  The transferor, Seterus, Inc., filed the Claim.

The Debtor is traveling under his First Amended Plan (the "Plan") [DE #32], which was confirmed by order dated October 24, 2016 [DE #37].  With regards to the Claim, the Plan indicates that the Debtor moved the Court for an order referring his mortgage debt to mediation under the Court's MMM program.  The Plan further states as follows:

> Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property . . . shall be held in abeyance as to the regular payment and the mortgage arrearage stated in the proof of claim only.  The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.
>
> *        *        *
>
> If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), or (b) provide that the real property will be surrendered.  If the amended or modified plan provides that the real property is to be surrendered, then the obligations to the lender will be considered "treated outside the plan" and the lender shall have in rem relief from the automatic stay as to the real property being surrendered.  Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

On November 29, 2017, mediator Robin Weiner filed her Final
Report, indicating that a mediation conference regarding the Claim
was conducted on November 20, 2017, and "[t]he parties did not
reach an agreement." [DE #49].  This report triggered the 14-day
Plan deadline for the Debtor to file an amended plan or surrender
the Property.  To date, the Debtor has yet to (i) file an amended
plan, (ii) surrender the Property, or (iii) file an objection to
the Claim in the Debtor's main bankruptcy case.  However, on July
16, 2018, the Debtor filed an adversary proceeding against HMC and
BSI, Adv. Pro. No. 18-01276 (the "Adversary Proceeding"), in which
the Debtor objects to the Claim and alleges violations of laws
regulating debt collection practices.

 Having considered the record in this case and in the
Adversary Proceeding, in particular, those facts set forth above,
the Court finds cause to grant BSI's request for entry of an order
compelling the Debtor to file a modified plan.  "The provisions of
a confirmed plan bind the debtor and each creditor," 11 U.S.C. §
1327(a), and the Debtor's confirmed Plan required him to amend his
Plan by December 13, 2017 to provide for surrender of the Property
or payments conforming to the Claim.  Therefore, it is -

   **ORDERED** as follows:

   1.   The Motion to Compel is granted as provided below.

   2.   The Debtor shall file a motion to modify his Plan by
August 13, 2018.  The Debtor shall attach to his motion a proposed

amended plan that either (i) conforms to the Claim or (ii) provides for surrender of the Property.

3.    The Court reserves ruling on BSI's request for an award of attorney's fees for prosecuting the Motion to Compel.

4.    The Court reserves ruling on BSI's Stay Relief Motion. However, if the Debtor fails to file an amended plan by August 13, 2018 that complies with the requirements of this Order, BSI may upload a Certificate of Non-Compliance and an Order granting stay relief without further notice or hearing.

###

COPIES TO:
Chase A. Berger, Esq.
Armando Montalvo, Esq.
Nancy Neidich, Trustee

**(Attorney Berger is directed to serve a copy of this Order on all interested parties and to file a certificate of service)**